UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
TROJAN HART,

                                    Plaintiff,

   -against-

THE CITY OF NEW YORK; CODY PETRUCCI;
MICHAEL GONZALEZ; CHARLES GOVE;
JAVIER VALENTIN; CHRIS CROCITTO; JOHN
MCLOUGHLIN; RAFAEL RISPOLI; JOSE
BUJOSA; and JOHN and JANE DOE 1 through 10,
(individually and in their official capacities, the names
John and Jane Doe being fictitious, as the true names
are presently unknown),

                                    Defendants.
-----------------------------------------------------------------------X

***FIRST AMENDED
COMPLAINT AND
JURY DEMAND***

ECF CASE

Docket No.
1:15-cv-08233-LTS

Plaintiff Trojan Hart, by his attorney John Paul DeVerna, Esq. of DeVerna Law, for his complaint against the above Defendants alleges as follows:

## PRELIMARY STATEMENT

1. This is a civil rights action in which Plaintiff seeks relief through 42 U.S.C. §1983 and 42 U.S. §1988 for the violation of his civil rights protected by the Fourth and Fourteenth Amendments, in addition to violations of the Laws of the State of New York.

2. The claim arises from a July 26, 2014 incident in which defendants, acting under color of state law, unlawfully detained and arrested Plaintiffs without probable cause and further assaulted and used excessive force on Mr. Hart while in a holding cell and handcuffed at the 47th Precinct, causing a left orbital eye fracture.  Mr. Hart initially spent approximately 75 hours unlawfully in police custody

3. Plaintiff seeks monetary damages (compensatory and punitive) against Defendants, as

well as an award of costs and attorneys' fees, and such other and further relief as the Court deems just and proper.

## JURISDICTION

4. This action arises under the Fourth and Fourteenth Amendments to the United States Constitution and under 42 U.S.C. §1983 and §1988 and the Laws of the State of New York.

5. The jurisdiction of this court is predicated upon 28 U.S.C. §§ 1331, 1343(a)(3) and (4), 1367(a) and the doctrine of pendant jurisdiction.

## VENUE

6. Venue is laid within the Southern District of New York in that Defendant City of New York is located within and a substantial part of the events giving rise to the claim occurred within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## PARTIES

7. Plaintiff Trojan Hart ("Mr. Hart") resided at all times in Bronx County, in the City and State of New York.

8. The Defendant City of New York (or "the City") is a municipal corporation organized under the laws of the State of New York.

9. At all times relevant hereto, Defendant City, acting through the New York Police Department (or "NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, discipline and retention and conduct of all NYPD personnel, including police officers, detectives and supervisory officers as well as the individually named Defendants herein.

10. In addition, at all times here relevant, Defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States

and the State of New York.

11. Defendant Cody Petrucci ("Petrucci") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Petrucci was, at the time relevant herein, a Police Officer under Shield # 12902 in the 47th Precinct. Defendant Petrucci is sued in his individual capacity.

12. Defendant Michael Gonzalez ("Gonzalez") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gonzalez was, at the time relevant herein, a Police Officer under Shield # 024102 in the 47th Precinct. Defendant Gonzalez is sued in his individual capacity.

13. Defendant Charles Gove ("Gove") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Gove was, at the time relevant herein, a Police Officer under Shield # 14285 in the 47th Precinct. Defendant Gove is sued in his individual capacity.

14. Defendant Javier Valentin ("Valentin") was, at all times here relevant, a Lieutenant by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Valentin was, at the time relevant herein, a Lieutenant in the 47th Precinct. Defendant Valentin is sued in his individual capacity.

15. Defendant Chris Crocitto ("Crocitto") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Crocitto was, at the time relevant herein, a Police Officer under Shield # 7873 in the 47th Precinct. Defendant Crocitto is sued in his individual capacity.

16. Defendant Rafael Rispoli ("Rispoli") was, at all times here relevant, a police officer

employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Rispoli was, at the time relevant herein, a Police Officer under Shield # 12456 in the 47th Precinct.  Defendant Rispoli is sued in his individual capacity

17. Defendant John McLoughlin ("McLoughlin") was, at all times here relevant, a police officer employed by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant McLoughlin was, at the time relevant herein, a Police Officer under Shield # 26642 in the 47 Precinct. Defendant McLoughlin is sued in his individual capacity.

18. Defendant Jose Bujosa ("Bujosa") was, at all times here relevant, a Lieutenant by the NYPD and as such was acting in the capacity of an agent, servant and employee of the City of New York. Defendant Bujosa was, at the time relevant herein, a Lieutenant in the 47 Precinct. Defendant Bujosa, now retired, is sued in his individual capacity.

19. At all times relevant Defendants John and Jane Doe 1 through 10 were police officers, detectives, supervisors, policy makers and/or officials employed by the NYPD. At this time, Plaintiff does not know the real names and/or shield number of Defendants John and Jane Doe 1 through 10.

20. At all times relevant herein, Defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of the City of New York and the NYPD. Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

21. At all times here mentioned Defendants were acting under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the City and State of New York.

22. Within 90 days of the events rising to these claims, Plaintiff filed written notices of

claim with the New York City Office of the Comptroller.

23. Over 30 days have elapsed since the filing of those notices, and this matter has not been settled or otherwise disposed of.

24. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

## FACTUAL CHARGES

25. On July 26, 2014, at approximately 6:00 p.m., Mr. Hart was in the vicinity of his residence located at 759 East 213 Street, Bronx, NY.

26. At that approximate date and time, Mr. Hart was approached by unknown Defendants and placed under arrest.

27. Mr. Hart did not resist arrest.

28. Defendants did not have probable cause or reasonable suspicion to detain or arrest Mr. Hart.

29. The Defendants did not observe Mr. Hart committing any crime or violating any law or local ordinance.

30. Defendants, acting in concert, searched Plaintiff's person without his authority or permission.

31. As a result of the search, Mr. Hart's personal effects were exposed to public view.

32. No contraband or anything of illegality was found on Mr. Hart.

33. An unidentified Defendant, a supervisor, was present on the scene and did not stop the unlawful arrest of Mr. Hart.

34. An unidentified Defendant placed Mr. Hart into an NYPD vehicle and drove to the 47th Precinct.

35. On July 26, 2014, at approximately 7:40 p.m., Mr. Hart was handcuffed at the 47th Precinct located at 4111 Laconia Avenue in Bronx, New York.

36. While handcuffed, Defendants, including Defendant Gonzalez and Defendant Crocitto, punched Mr. Hart in his face, head, neck, back, shoulders, and body numerous times.

37. As a result of Defendant Gonzalez punching Mr. Hart, Mr. Hart sustained physical injuries including a left eye socket orbital fracture, diplopa, blurry vision, headaches, bleeding, and bruising.

38.  Mr. Hart did not resist arrest.

39. Mr. Hart did not strike the Defendants.

40. Mr. Hart was transported to Jacobi Medical Center for treatment for his injuries.

41. After being treated at the hospital, Mr. Hart was transported to central bookings in the Bronx.

42. While Plaintiff was in central booking, Defendants, acting with malice, conveyed false information to prosecutors in order to have plaintiff prosecuted for Assault in the Second Degree, and other related charges.

43. At arraignments, Mr. Hart was released on his own recognizance.

44. Plaintiff spent approximately 75 hours unlawfully in police custody.

45. After multiple court appearances, Mr. Hart's Bronx County criminal case was resolved by a jury of his peers who unanimously acquitted him of all charges alleged.

46. Defendants, including Defendant Gonzalez, prepared false sworn affidavits and false police reports relating to Mr. Hart's arrest.

47. Defendants, including Defendants Gonzalez, repeatedly falsified information relating to the facts and circumstances surrounding Mr. Hart's arrest, including a false claim he was

observed assaulting a police officer.

48. Those reports were forwarded to one or more prosecutors at the King's County District Attorney's office.

49. Upon information and belief, Defendants spoke to one or more prosecutors at the King's County District Attorney's office and falsely informed them that Mr. Hart obstructed governmental administration on July 26, 2014.

50. During all of the events described, the individual Defendants acted maliciously and with intent to injure Plaintiff.

51. At all times relevant hereto, Defendants were involved in the decision to arrest Mr. Hart without probable cause or failed to intervene in the actions of his fellow officers when he observed them arresting Mr. Hart without probable cause.

52. At all times relevant hereto, Defendants were involved in the decision to assault and use excessive force against Plaintiff, and failed to intervene in the actions of his fellow officers when he observed them assaulting Plaintiff.

53. During all of the events described, Defendants acted maliciously, willfully, knowingly and with the specific intent to injure Mr. Hart and violate his civil rights.

54. As a direct and proximate result of the acts of Defendants, Plaintiff suffered the following injuries and damages: a violation of his rights pursuant to the Fourth and Fourteenth Amendment of the United States Constitution, violation of New York State law, physical injury, physical pain and suffering, emotional trauma and suffering, including fear, embarrassment, humiliation, emotional distress, frustration, extreme inconvenience, anxiety, loss of liberty and harm to reputation.

55. Defendant City is aware of the propensity of Defendants, including Defendant Gonzalez

to make bad choices with respect to situations they commonly encounter in the discharge of their specific duties as police officers, (such as appropriate use of force, use of handcuffs, requirement for veracity, etc.) yet despite that awareness, defendant CITY has failed to provide Defendant Officers, including Defendant Gonzalez with remedial training, has failed to discipline the officers in any meaningful way, and has failed to provide for increased supervision of the officers, and instead, based on information and belief, has defended those officers in civil actions, acting as their apologist, and has paid settlement money to plaintiffs alleging violations of constitutional rights by defendant officers.

## FIRST CAUSE OF ACTION
Unlawful Stop and Search
42 U.S.C. § 1983 Against Individual Defendants

56. The above paragraphs are here incorporated by reference as though fully set forth.

57. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched Plaintiff without reasonable suspicion.

58. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages herein before alleged.

## SECOND CAUSE OF ACTION
False Arrest and False Imprisonment
Under 42 U.S.C. § 1983 Against Individual Defendants

59. The above paragraphs are here incorporated by reference as though fully set forth.

60. The Defendants violated the Fourth and Fourteenth Amendments to the U.S. Constitution by wrongfully and illegally arresting, detaining and imprisoning Plaintiff.

61. The wrongful, unjustifiable, and unlawful apprehension, arrest, detention, and imprisonment of Plaintiff was carried out without a valid warrant, without Plaintiff's consent, and without probable cause or reasonable suspicion.

62. At all relevant times, Defendants acted forcibly in apprehending, arresting, and imprisoning Plaintiff.

63. Throughout this period, Plaintiff was unlawfully, wrongfully, and unjustifiably held under arrest, deprived of his liberty, imprisoned and falsely charged.

64. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### THIRD CAUSE OF ACTION
Denial of Right to Fair Trial
Under 42 U.S.C. § 1983 Against Individual Defendants

65. The above paragraphs are here incorporated by reference as though fully set forth.

66. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging that Mr. Hart assaulted a police officer amongst other acts.

67. The individual Defendants forwarded false evidence to prosecutors in the Bronx County District Attorney's office.

68. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

69. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FOURTH CAUSE OF ACTION
Excessive Force Under
42 U.S.C. § 1983

70. The above paragraphs are here incorporated by reference as though fully set forth.

71. The individual Defendants used excessive, unreasonable and unnecessary force with plaintiff.

72. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on the plaintiff without consent.

73. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### FIFTH CAUSE OF ACTION
Assault and Battery Under
New York State Law

74. The above paragraphs are here incorporated by reference as though fully set forth.

75. The individual defendants made plaintiff fear for his physical well-being and safety and placed him in apprehension of immediate harmful and/or offensive touching.

76. The individual defendants engaged in and subjected plaintiff to immediate harmful and/or offensive touching and battered him without his consent.

77. The individual Defendants used excessive and unnecessary force with plaintiff.

78. Defendant City, as employer of the individual Defendants, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

79. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

### SIXTH CAUSE OF ACTION
Failure to Intervene Under
42 U.S.C. § 1983 Against Individual Defendants

80. The above paragraphs are here incorporated by reference as though fully set forth.

81. Those Defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

82. Accordingly, the Defendants who failed to intervene violated the Fourth and Fourteenth

Amendments.

83. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**SEVENTH CAUSE OF ACTION**
Denial of Right to Fair Trial Under
42 U.S.C. § 1983 Against Individual Defendants

84. The above paragraphs are here incorporated by reference as though fully set forth.

85. The individual Defendants created false evidence against Plaintiff, to wit, sworn documents and testimony alleging Mr. Faust committed unlawful acts.

86. The individual Defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

87. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual Defendants violated Plaintiff's right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

88. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

**EIGHTH CAUSE OF ACTION**
Negligent Hiring/Training/Retention Under
New York State Law Against City of New York

89. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

90. Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

91. Upon information and belief, all of the individual defendants were unfit and

incompetent for their positions.

92. Upon information and belief, Defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

93. Upon information and belief, Defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

94. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendants, jointly and severally, as follows:

a) In favor of Plaintiff in an amount to be determined by a jury for each of Plaintiff's causes of action;

b) Awarding Plaintiff punitive damages in an amount to be determined by a jury;

c) Awarding Plaintiff compensatory damages in an amount to be determined by a jury;

d) Awarding Plaintiff reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

e) Granting such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: August 25, 2016
New York, New York

**JOHN PAUL DEVERNA**
Counsel for the Plaintiff

_____
By: John Paul DeVerna (JD5237)
DeVerna Law
305 Broadway, 14th Floor
New York, NY 10007

(212) 321-0025 (office)
(212) 321-0024 (fax)